UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL NO. 05-191-REW

ROBERT LEE OAKS, JR.                                                                    PLAINTIFF


VS:                                      OPINION AND ORDER


ALLSTATE INSURANCE COMPANY
and DWIGHT HOWARD                                                              DEFENDANTS

\* \* \* \* \* \* \* \*

The instant lawsuit involves a flood insurance policy issued by Allstate Insurance Company ("Allstate"), through Allstate agent Dwight Howard ("Howard"), to Plaintiff Robert Lee Oaks, Jr., for his residence in Martin County, Kentucky. The Court entered a summary judgment against Plaintiff on November 14, 2006. *See* DE#45. Plaintiff now moves to alter, amend, or vacate the Court's judgment, pursuant to Rule 59(e), and to supplement the record with Defendant Howard's deposition. *See* DE#s 46 and 47. The Court has fully considered the record, including said motion and responses. *See* DE#s 48 and 49.

**I. Relevant Facts**

In May of 2003, Plaintiff obtained a homeowner's policy and separate flood insurance coverage for his residence through Defendant Dwight Howard. *See* DE#47, Deposition of Dwight Howard at 7. Although Howard procured both policies, Grange Insurance Company ("Grange") issued the homeowner's policy and Allstate issued the flood insurance coverage under the NFIP.

1

Prior to writing Plaintiff's homeowner's policy, Howard attempted to locate and visually inspect Plaintiff's residence.[1] *See id.* at 9. Howard explained at his deposition, however, that he could not find Plaintiff's house based on the information provided by Plaintiff. *See id.* Ultimately, Grange, through Howard, issued the homeowner's policy to Plaintiff without inspection based on the reputation of the former owner and the home's desirable location. *See id.* at 11.

At the same time, Allstate issued a standard flood insurance policy to Plaintiff through Howard. The original home rating in the flood policy relied on Plaintiff's description of the home. As a result, the policy described Plaintiff's residence as a two-floor single family residence with no basement. *See* DE#23, Def. Motion for Summary Judgment, Exhibit 1. Both floors in a residence that meets this rating receive full coverage, under the standard flood policy.

On May 31, 2004, Plaintiff's home suffered flood damage. After Plaintiff reported the casualty, Defendants assessed Plaintiff's residence as not a two-story home, but rather a one-story home with a finished basement. *See id.* at 13-14. Full coverage does not extend to basements under the policy. Thus, the recharacterization of Plaintiff's lower level resulted in more limited coverage for the damage than originally would have applied.

Plaintiff subsequently initiated a "contract action" against Defendants and requested full coverage for the flood damage to the lower level. Based on federal law, the Court rejected Plaintiff's contract claim and entered a summary judgment against Plaintiff. *See* DE#s 44 and 45, Opinion and Order. Plaintiff did not offer evidence or argument in support of a non-contractual theory of relief. *See* Opinion and Order at 8, n. 7. In the Opinion and Order, the Court also noted

---

[1] Grange *generally* requires agents to perform a cursory, visual inspection of the home before issuing a homeowner's policy. *See* Howard's Dep. at 9, 11. This verification is not required by Allstate for flood insurance policies. *See id.*

that "[i]t appears that Plaintiff did not depose Mr. Howard" since Plaintiff did not cite to such testimony or enter a deposition of Howard into the record. *See id*. at 13. Thus, the Court rendered summary judgment without considering or reviewing any testimony by Howard. Plaintiff, the Court again must note, filed no response to Defendants' summary judgment motions, and Plaintiff's own motion contained no citations to the Howard deposition or anything else in the record.

In his present motion, Plaintiff states the "Court has made several inaccurate characterizations" in its ruling and explains that counsel did, in fact, depose Howard on February 1, 2006. *See* DE#46, Motion to Alter, at 1. Moreover, Plaintiff now asserts that Howard's deposition is "critical" to his case and "contains sufficient evidence to support a reversal" of the summary judgment entered. *See id*. at 2. Plaintiff specifically contends that:

> [T]he failure of Mr. Howard to adequately follow up on the clear inconsistency of the description [provided by Plaintiff] versus what [Howard] actually saw when he went to the neighborhood of the Plaintiff caused the Plaintiff to believe he had insurance coverage he could not obtain under the NFIP .... Had the Plaintiff known that he would be uninsured on the lower floor of his house, he could have refrained from placing anything of value in that level. This would have allowed him to adequately mitigate his damages prior to the loss herein.

*See id*. Since Howard's deposition did not enter into the Court's review or decision at summary judgment, Plaintiff urges the Court to vacate its order under Rule 59(e) based on the substance of Howard's testimony. Plaintiff also requests that the Court supplement the record with Howard's late-tendered deposition.

**II. Motion to Alter or Amend under Rule 59(e)**

"A motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Nor is Rule 59(e) a device to "raise arguments which

3

could, and should, have been made before judgment issued." *See id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). As such, motions under Rule 59(e) are proper only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). Plaintiff's motion fails under these standards.

Plaintiff presently asserts that the deposition is "critical" to his case, but notably fails to explain why he did not enter the deposition into the record or cite to the deposition in his own summary judgment brief. Instead, Plaintiff appears to sidestep the issue by criticizing the Court's "inaccurate characterizations." It is Plaintiff's own neglect and oversight, however, that prompted the sole "characterization" at issue because: a) Plaintiff did not previously cite to the deposition; b) Plaintiff did not fulfill his obligation to ensure that the deposition appeared in the record, per Rule 5(d); and, c) Plaintiff waived opportunities to use the deposition in argument by failing even to respond to Defendants' motions for summary judgment.

Plainly, it would subvert the purpose of Rule 59(e) and judicial economy to grant Plaintiff's motion under these facts. *See GenCorp*, 178 F.3d at 834. Plaintiff essentially attempts to "reargue" the case by introducing testimony that Plaintiff formerly possessed but neglected to present. *See Engler*, 146 F.3d at 374. Plaintiff conducted the deposition more than five months before summary judgment briefing. Thus, any arguments based on the deposition "could, and should, have been made" when Plaintiff originally briefed that motion. *See id.* Using Rule 59(e) to advance arguments relating to Howard's deposition at this juncture is simply inappropriate and abuses the rule.

Moreover, Plaintiff does not even allege, much less meet, the narrow circumstances that warrant the Rule's application. The deposition was not "previously unavailable" and therefore does

4

not constitute "newly discovered evidence." *See GenCorp*, 178 F.3d at 834. Plaintiff conducted the deposition on February 1, 2006–five months before summary judgment briefing.

Likewise, Plaintiff fails to establish a "clear error of law" or "manifest injustice" because the Court finds the deposition, if considered, would not change the outcome of this case. *See id*. First, the coverage demanded by Plaintiff is barred by federal law for a variety of reasons that are wholly independent of, and unrelated to, Howard's deposition. *See* Opinion and Order at 11-16. Plaintiff procedurally forfeited any claim for additional damages by failing to comply with the statute's proof of loss requirement. *See id*. at 11. In addition, federal law restricts coverage to Plaintiff's downstairs, regardless of the original policy rating or Howard's actions. *See id*. at 16.

Secondly, Howard's deposition, and Plaintiff's corresponding arguments, are legally and factually insufficient to establish a valid claim. Plaintiff merely concludes from the deposition that Howard knew full coverage did not extend to Plaintiff's downstairs after vising Plaintiff's neighborhood, and that Howard should have advised Plaintiff of this fact. At best, these conclusions weakly imply an unspecified state law reliance claim. Plaintiff, however, does not define this alternative claim or craft a valid legal argument to support it. Indeed, Plaintiff strictly pursued this matter as a bare contract action, and does not offer–in his past or present arguments–an alternative legal theory that merits relief.

Factually, Plaintiff overlooks whether Howard had–or even should have had–notice regarding the scope of Plaintiff's flood insurance coverage since the cursory inspection that Howard attempted to perform related **only** to Plaintiff's homeowner's policy, not the flood insurance policy.[2]

---

[2]

At most, Howard simply did not confirm the reported characteristics of Plaintiff's house. He even later requested pictures from Plaintiff, which Plaintiff could not provide. Plaintiff knew that Howard had not found his home and was ignorant of its condition, but Howard did not know

Furthermore, Plaintiff's argument, that he suffered damages because he could have "refrain[ed] from placing anything of value" in the downstairs "had Plaintiff known that he would be uninsured," is contradicted by Plaintiff's own testimony. Plaintiff testified that, at most, he "possibly" would have acted differently if he knew full coverage did not extend to the downstairs. *See* Pl.'s Dep. at 106. "Possibly" is an inadequate recovery standard, and does not demonstrate that Plaintiff would have avoided damages if Howard had warned Plaintiff about the coverage limitations.

In sum, Plaintiff conducted Howard's deposition five months before summary judgment briefing, but then neglected to present that testimony or enter the deposition into the record. This omission is Plaintiff's responsibility. It is not the role or function of the Court to search the record and discovery for legal theories or arguments that are helpful to the parties. *See Arnold v. Tuskegee University*, 2006 WL 47507, at *13 n.12 (M.D. Ala. 2006)("[I]t is not the Court's role to develop or discover a party's arguments."). Plaintiff did not respond to Defendants' summary judgment motions and completely failed to refute their supporting arguments. Rule 59(e) is not a second opportunity for Plaintiff to correct his oversights and retool his case. *See GenCorp*, 178 F.3d at 834. The court denies the Rule 59(e) motion.

## III. Motion to Supplement

Although denying Plaintiff's Rule 59(e) motion, the Court grants the motion to supplement the record with Howard's deposition. In the event that Plaintiff elects to appeal this matter, the Court wants to ensure that the record on review is complete.

---

that Plaintiff's home necessarily was one of the one-story homes he'd seen.

**IV. Conclusion**

It is **ORDERED** that Plaintiff's Motion to Alter, Amend, or Vacate Judgment under Rule 59(e) is **DENIED**. *See* DE#46.

It is further **ORDERED** that Plaintiff's Motion to Supplement the Record with Dwight Howard's deposition is **GRANTED**. *See* DE#47.

This the 5th day of January, 2007.

Signed By:
*Robert E. Wier* REW
United States Magistrate Judge